2000 UT 13

**Richard CHRISTENSEN, Petitioner,**

v.

**SPANISH FORK CITY, Workers' Compensation Fund of Utah, Employers' Reinsurance Fund of Utah, and Labor Commission of Utah, Respondents.**

No. 981450.

Supreme Court of Utah.

Jan. 14, 2000.

T. Jeffery Cottle, Orem, for petitioner.

Jan Moffitt, Alan Hennebold, Salt Lake City, for Spanish Fork, Workers' Compensation Fund, and Labor Commission.

Erie V. Boorman, Jr., Salt Lake City, for Employers' Reinsurance Fund.

RUSSON, Justice:

¶ 1 We hear this case on certification from the court of appeals. Petitioner Richard Christensen appeals a decision of the Labor Commission denying his application for permanent total disability benefits. On the basis of our recent decision in *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, 993 P.2d 207, we reverse.

## I. BACKGROUND

¶ 2 Christensen worked for Spanish Fork City. In February of 1990, during the course of his employment, Christensen slipped on ice and sustained a severe back injury. Christensen applied for, and received, temporary total disability benefits from Spanish Fork's workers' compensation carrier, the Workers' Compensation Fund of Utah. The Workers' Compensation Fund paid for three surgeries intended to remedy Christensen's injury. The first two surgeries were temporarily successful, and Christensen was able to return to work. The third surgery, which took place in March of 1996, was unsuccessful. After final attempts at rehabilitation and reemployment, Christensen took medical retirement. It is undisputed that Christensen could not have realized that his original injury would lead to permanent total disability until the unsuccessful third operation, which occurred more than six years after his initial accident.

¶ 3 Christensen applied for permanent total disability benefits. The Workers' Compensation Fund settled with Christensen, but the Employers' Reinsurance Fund contested his claims, arguing that Christensen's failure to file his application for permanent total disability benefits within six years of the time of his injury constituted a statutory bar to his claim. The Commission agreed and denied Christensen's claim.

## II. DISCUSSION

¶ 4 The Commission relied upon Utah Code Ann. § 34A–2–417(2) (1997) to justify its decision. That subsection provided:

A claim for compensation for temporary total disability benefits, temporary partial disability benefits, permanent partial disability benefits, or permanent total disability benefits is barred, unless an application for hearing is filed with the Division of Adjudication within six years after the date of the accident.

*Id.*[1]

¶5 The Commission ruled that because Christensen had not filed an "application for hearing" or an application for preservation of rights within six years, his claim for permanent total disability benefits was barred by the statute.

¶6 We reverse. I would hold that the Commission possesses continuing jurisdiction for the same reasons expressed in my concurring opinion in *Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, 993 P.2d 207. In *Vigos*, I stated that either the Commission's exercise of its authority is arbitrary and capricious or the statutory requirement is unconstitutional. *See Vigos*, ¶43 (Russon, J., concurring). I based my opinion on the observation that, as written, the statute primarily functioned as a mandatory prerequisite to the receipt of any workers' compensation at any time after a work-related injury, though it also dictated a period during which the prerequisite act must be completed. *See id.* at ¶36. The prerequisite of filing an "application for a hearing," however, had been arbitrarily enforced and vindicated no rational policy justification. *See id.* at ¶42. To the extent the legislature delegated authority to the Commission to determine which forms would satisfy the "application for a hearing" requirement, the Commission may not discriminatorily withhold its continuing jurisdiction from claimants who have not been required to seek a hearing regarding disputed claims; and if we assume the legislature did not delegate such authority to the Commission, the irrational statutory requirement violates the equal protection clauses of both the United States and Utah Constitutions. *See id.* at ¶39 & n. 4.

¶7 With respect to the relevant legal principles outlined in *Vigos*, the facts of this case require the same result. Christensen stands in precisely the same posture before the Commission as Vigos. Christensen had no reason to file an application for a hearing and no notice that any hypothetical future claims would be barred if he failed to file one. He faithfully adhered to the statutory requirements and strove to rehabilitate himself. That rehabilitation proved unsuccessful after six years of efforts, including multiple surgeries. In this context, the Commission did not have the authority to invoke an arcane and irrational statutory requirement to discriminatorily deny Christensen the same disability benefits that would be available to persons who, by happenstance, had disputes with their insurers and were thereby compelled to file an application for a hearing within the six-year period. *See id.* at ¶42.

¶8 I recognize that my colleague, Justice Stewart, who authored the lead opinion in *Vigos* and who was joined by Justice Durham, relied upon a different rationale. *See id.* at ¶¶15–25 (op. of Stewart, J.). The lead opinion held that Vigos' initial application for disability benefits satisfied section 34A–2–417(2)'s requirement because it served as the functional equivalent of the "application for a hearing" demanded by the statute. *See id.* In this case, Christensen likewise filed a timely claim that would serve as the functional equivalent of an application for a hearing under Justice Stewart's rationale. Consequently, there is no basis for treating the result in this case differently under either Justice Stewart's rationale or mine.

¶9 Accordingly, we reverse the Commission's ruling that it had no jurisdiction to entertain Christensen's claim. We remand for proper adjudication of that claim.

DURHAM, Associate Chief Justice, concurring in the result:

¶10 I concur in the result reached by the lead opinion based on the rationale articulated by Justice Stewart's opinion in *Vigos v. Mountainland Builders, Inc.*

---

1. This section recently has been substantially reorganized and rewritten. *See* Utah Code Ann. § 34A–2–417(2) (Supp.1999) (effective May 3, 1999). It still retains the requirement, however, that an application for a hearing be filed within six years.

¶ 11 Justice STEWART concurs in Associate Chief Justice DURHAM's concurring in the result opinion.

HOWE, Chief Justice, dissenting:

¶ 12 I dissent for the reasons stated in my dissenting opinion in *Vigos v. Mountainland Builders,* 993 P.2d 207 (Utah 2000).

ZIMMERMAN, Justice, dissenting:

¶ 13 I dissent for the reasons stated in my opinion in *Vigos.* While the result is painful, it is up to the legislature to mend the harm done by the statute, at least where parties do not raise issues by which we can legitimately grant them relief.